UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS DIAZ-HERNANDEZ,<br><br>                     Plaintiff,<br><br>     v.<br><br>SIX UNKNOWN AGENTS, *et al*.,<br><br>                     Defendants. | Case No. C13-2092-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

The Court is in receipt of a civil rights complaint purportedly filed by an Immigration and Customs Enforcement ("ICE") detainee named Santos Diaz-Hernandez.[1] The complaint was received in an envelope containing several nearly identical complaints identifying other inmate/detainee plaintiffs and bearing a return address for Young Yil Jo, a frequent litigant in this Court. No filing fee or application to proceed with the action *in forma pauperis* was submitted in conjunction with the complaint and the complaint is not signed. Typically the Court would address such deficiencies by directing a letter to the plaintiff advising him of the deficiencies and providing him an opportunity to correct them. However, in prior cases

---

[1] The Court presumes that Mr. Diaz-Hernandez is an ICE detainee because an ICE A-Number is provided for Mr. Diaz-Hernandez in the body of the complaint.

REPORT AND RECOMMENDATION - 1

submitted by Mr. Jo on behalf of other inmates/detainees, mail sent by the Clerk's Office to the purported plaintiff at the address provided by Mr. Jo has consistently been returned with a notation indicating that the plaintiff is not incarcerated at the facility.

It is time consuming for the Court, and ultimately fruitless, to attempt to obtain from the purported plaintiff in these cases the documentation necessary to perfect the submission and permit the case to proceed. Moreover, even if the purported plaintiff were to pay the filing fee or submit an appropriate application to proceed *in forma pauperis*, the proposed complaint states no cause of action. In fact, the complaint is incomprehensible, fails to set forth sufficient facts to state any claim for relief, and does not appear to involve any acts committed in this federal district.

For these reasons, this Court recommends that this action be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted and is frivolous. This Court further recommends that this dismissal ***not*** be deemed a strike for purposes of 28 U.S.C. § 1915(g) as it is not clear that the individual identified as the plaintiff in the complaint is even aware that a complaint has been filed on his behalf.[2]

Any objections to this recommendation must be filed with the Clerk within ***twenty-one (21) days*** of the date on which this recommendation is signed. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within ***fourteen (14) days*** after service of objections. If no

---

[2] It has been the experience of this Court that inmates/detainees named as plaintiffs in complaints submitted by Mr. Jo are unaware that Mr. Jo has attempted to litigate on their behalf.

REPORT AND RECOMMENDATION - 2

1  timely objections are filed, the matter will be ready for consideration by the District Judge on

2  *December 27, 2013*.

3      DATED this <u>4th</u> day of December, 2013.

                                      */s/ James P. Donohue*

                                      JAMES P. DONOHUE
                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 3